**No. 22-12516**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

---

**CARLUS L. HAYNES,**

*Plaintiff-Appellant,*

**v.**

**CITY OF ORLANDO, MARTHA LEE LOMBARDY, O'CONNOR &
O'CONNOR, LLC, AND DENNIS O'CONNOR,**

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Middle District of Florida
No. 6:22-cv-372-RBD-EJK
Hon. Roy B. Dalton, Jr.

---

**APPELLEES' AMENDED BRIEF**

---

**Derek J. Angell, Esq.**
Fla. Bar No. 73449
dangell@roperpa.com
**Roper, P.A.**
2707 E Jefferson St
Orlando, Florida 32803
(407) 897-5150
www.roperpa.com

*Attorneys for Appellees*

Exhibit

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, Appellees provides the following alphabetical list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have a known interest in the outcome of this appeal:

1.      Angell, Derek J.; counsel for City of Orlando, Martha Lee Lombardy, O'Connor & O'Connor, LLC, and Dennis O'Connor.

2.      City of Orlando; Appellee-Defendant.

3.      Dalton, Roy B., United States District Court Judge for the Middle District of Florida.

4.      Haynes, Carlus L.; Appellant-Plaintiff.

5.      Laurent, Bradley N.; trial counsel for Carlus L. Haynes.

6.      Law Office of Haynes and Laurent, P.A.; counsel for Carlus L. Haynes.

7.      Lombardy, Martha Lee; Appellee-Defendant.

8.      O'Connor, Dennis R.; Appellee-Defendant.

9.      O'Connor & O'Connor, LLC; Appellee-Defendant.

10.     Roper, P.A.; counsel for City of Orlando, Martha Lee Lombardy, O'Connor & O'Connor, LLC, and Dennis O'Connor.

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through 26.1-5, Defendants-Appellees have no corporations to disclose.

## STATEMENT REGARDING ORAL ARGUMENT

This case does not call for oral argument.  The Complaint alleged a novel theory of recovery under 42 U.S.C. § 1983 that we do not believe exists.  Defendants moved to dismiss on multiple grounds, but the district court considered only one and found that it was dispositive.  In a short, five-page order, the court ruled that, even assuming Plaintiff's asserted cause of action exists, it was nonetheless barred by the statute of limitations.  The analysis is straightforward.

Although we would be honored to present argument should the Court order it, we respectfully submit that judicial resources are better expended elsewhere.

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ...**Error! Bookmark not defined.**

TABLE OF AUTHORITIES ............................................................. v

JURISDICTIONAL STATEMENT ..................................................1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ..................... 2

STATEMENT OF THE CASE ........................................................ 3

    I.     History of the prior state court litigation. .................................. 3

    II.    Activity in the district court below. ........................................ 4

SUMMARY OF THE ARGUMENT ................................................. 8

ARGUMENT ......................................................................... 9

    I.     The standard of review is de novo. ........................................ 9

    II.    The plausibility standard applies, and review is limited to the four corners of a complaint as supplemented through the judicial notice procedure. ........................................... 9

    III.   The district court correctly found that Mr. Haynes's causes of action, if any, accrued more than four years before he filed the present lawsuit, and the claims are therefore barred. ............... 11

         A.    Law governing dismissals on limitations grounds. .......... 11

         B.    Application to our case. ................................................12

         C.    Plaintiff's remaining arguments. .....................................15

    IV.   Without more, there is no § 1983 cause of action for civil damages resulting from unconstitutional peremptory strikes. . 17

CONCLUSION ..................................................................... 22

CERTIFICATE OF COMPLAINCE................................................................. vii

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ............................................................9–10

*Basemore v. Abraham,*
  2006 WL 120035 (E.D. Pa. Jan. 11, 2006) ..... 6–7, 14–15, 20–21

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ............................................................9–10

*Berman v. Blount Parrish & Co., Inc.,*
  525 F.3d 1057 (11th Cir. 2008) ...................................... 9

*Bryant v. Avado Brands, Inc.,*
  187 F.3d 1271 (11th Cir. 1999) ...................................... 10

*Carbone v. Cable News Network, Inc.,*
  910 F.3d 1245 (11th Cir. 2018) ...................................... 9

*City of Orlando v. Haynes,*
  263 So. 3d 285 (Fla. 5th DCA 2019) ............................... 4

*Davies v. U.S. Citizenship & Immigr. Servs.,*
  484 F. App'x 385 (11th Cir. 2012) ................................. 12

*Dean v. Warren,*
  12 F.4th 1248 (11th Cir. 2021) .................................9–10

*Glucksman v. Persol N. Am., Inc.,*
  813 So. 2d 122 (Fla. 4th DCA 2002) ............................. 16

*Henyard v. Sec'y, Dep't of Corr.,*
  543 F.3d 644 (11th Cir. 2008) ...................................... 11

*La Grasta v. First Union Secs., Inc.,*
  358 F.3d 840 (11th Cir. 2004) ...................................... 11

*Lee v. Simon,*
  885 So. 2d 939 (Fla. 4th DCA 2004) ............................. 17

*Lujan v. Defenders of Wildlife,*
  504 U.S. 555 (1992) ...................................................... 19

*Muransky v. Godiva Chocolatier, Inc.*,
  979 F.3d 917 (11th Cir. 2020) .................................................... 20

*R.R. v. New Life Cmty. Church of CMA, Inc.*,
  303 So. 3d 916 (Fla. 2020) ........................................................12

*Rodriguez v. Farm Stores Grocery, Inc.*,
  518 F.3d 1259 (11th Cir. 2008) ................................................. 18

*Rozar v. Mullis*,
  85 F.3d 556 (11th Cir. 1996) ....................................................12

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016)............................................................19–20

*Trustmark Ins. Co. v. ESLU, Inc.*,
  299 F.3d 1265 (11th Cir. 2002).............................................10–11

*United States v. Campbell*,
  26 F.4th 860 (11th Cir. 2022)...............................................17–18

*Upper Skagit Indian Tribe v. Lundgren*,
  138 S. Ct. 1649 (2018) ..............................................................17

*Vega v. Rier*,
  321 So. 3d 900 (Fla. 3d DCA 2021)..........................................16

*Wallace v. Kato*,
  549 U.S. 384 (2007) .................................................................. 11

**Statutes**

42 U.S.C. § 1983 ............................................. 5, 11, 14, 17, 20

§ 95.11, Fla. Stat.................................................................. 11

**Rules**

Fed. R. Civ. P. 8 ..................................................................... 9

Fed. R. Civ. P. 12 ................................................................. 10

**Secondary Sources**

Black's Law Dictionary (9th ed. 2009)..................................19

vii

## JURISDICTIONAL STATEMENT

We agree with Appellant's jurisdictional statement. The district court had original jurisdiction, and Plaintiff properly invoked this Court's appellate jurisdiction.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

This is an appeal from a final order of dismissal in a civil case on statute of limitations grounds. The pertinent dates were apparent from the face of the Complaint, and the district court properly dismissed the action as time-barred.

Separately, Plaintiff failed to state a cause of action. The district court declined to reach this issue given its ruling on limitations, but the failure to state a claim nonetheless provides a sufficient alternative basis for affirmance.

## STATEMENT OF THE CASE

### I.  History of the prior state court litigation.

Plaintiff, Mr. Haynes, is an African American attorney.  (Doc. 1 p. 3.)
Represented by his law partner, Mr. Haynes filed a personal injury action
against the City of Orlando after he was involved in a car accident.  (Doc. 1 p
3; Doc. 12-2 p. 6); *Haynes v. City of Orlando*, Fla. 9th Jud. Cir., Orange
Cty. Case No. 2014-CA-010413 (the "State Litigation").    The City was
represented by its inhouse counsel, Ms. M. Lee Lombardy, Esq., and
privately retained defense counsel, the law firm of O'Connor & O'Connor,
LLC and its partner, Dennis R. O'Connor, Esq.  The case proceeded to jury
trial on November 13, 2017, and resulted in a defense verdict the following
day.  (Docs. 1, p. 8; 12-1.)

According to the Complaint in this separately filed federal lawsuit,
Mr. O'Connor and Ms. Lombardy allegedly conspired to intentionally and
unconstitutionally strike African American venirepersons during the State
Litigation jury selection process.  (Doc. 1 pp. 3–4.)  Mr. Haynes had
objected to the City's peremptory strikes of African Americans, which the
trial court overruled.  (Doc. 1 pp. 6–8.)  Following the defense verdict, Mr.
Haynes moved for new trial based on the court's failure to follow the proper
procedure for resolving his race-based objections.  (Docs. 1 p. 8; 12-2.)  The

motion was filed November 22, 2017 and heard on February 23, 2018. (Docs. 1 p. 8; 12-2.)  The trial court granted the motion four days after hearing, on February 27.  (Docs. 1 p. 8; 12-3.)  It found:

> [T]he Trial Court failed to properly assess the genuineness of the race-neutral reason offered by defense counsel.  In accepting defense counsel's race-neutral reason on its face, the Trial Court was wrong.

(Doc. 12-3.)

The City appealed the order of new trial, and Florida's Fifth District Court of Appeal affirmed in a memorandum opinion dated February 5, 2019.  *City of Orlando v. Haynes*, 263 So. 3d 285 (Fla. 5th DCA 2019).  The entirety of the opinion provided:

> AFFIRMED.  *See Hayes v. State*, 94 So. 3d 452, 461 (Fla. 2012) ("The proper remedy when the trial court fails to abide by its duty under the *Melbourne v. State*, 679 So. 2d 759 (Fla. 1996) procedure is to reverse and remand for a new trial.").

Following remand, the dispute was ultimately settled for $5,000 through a "Release of All Claims" executed by Mr. Haynes on October 28, 2021 (the "Release").  (Doc. 12-4.)  No other activity in the State Litigation is presently relevant.

## II.    Activity in the district court below.

Mr. Haynes instituted this separate federal litigation through a complaint filed February 18, 2022.  (Doc. 1.)  The six counts were all

4

predicated on 42 U.S.C. § 1983. (Doc. 1 pp. 9–15.) Counts I–IV were directed at the respective four defendants, and Counts V & VI were "conspiracy" theories alleged against Ms. Lombardy and Mr. O'Connor. (*Id.*) All counts were based on the allegedly unconstitutional use of peremptory challenges to strike African Americans during the State Litigation jury selection process. (*Id.*) According to the Complaint, the peremptories violated Mr. Haynes's rights under the Seventh and Fourteenth Amendments. (*Id.*)

Defendants responded with a motion to dismiss and/or for summary judgment. (Doc. 12.) The motion included a request that the district court judicially notice certain records from the State Litigation. (Doc. 12 p. 4.) Additionally, to the extent the court might have denied the motion to dismiss, Defendants sought summary judgment pursuant to the extrinsic Release. (*Id.*) Defendants then argued:

- Plaintiff had not alleged a justiciable injury-in-fact sufficient to establish constitutional standing and therefore failed to state a cause of action;

- The action was barred by the statute of limitations;

- Defendants were absolutely immune under the litigation privilege; and

- The Release extinguished all claims related to the State Litigation, including any theoretical liability arising out of the jury selection process.

5

(Doc. 12 pp. 4–11.)

Plaintiff filed a response. (Doc. 15.) The response did not object to the judicially noticed documents, but it did object to the court's consideration of the Release. (Doc. 15 p.3.) As he does here, Plaintiff primarily relied on *Basemore v. Abraham*, 2006 WL 120035 (E.D. Pa. Jan. 11, 2006), in opposition to the limitations issue. (Doc. 15 p. 8.) There was no further briefing, and the motion was not argued.

The district court granted the motion to dismiss solely on limitations grounds, expressly declining to rule on Defendants' alternative arguments. (Doc. 17 pp. 3–5.) The entire substantive analysis was provided as follows, with numerous quotations, citations, and footnotes removed:

> Dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred. A § 1983 action brought in Florida has a four-year statute of limitations. The length of the limitations period is governed by state law, whereas when a § 1983 action accrues is a question of federal law. The statute of limitations does not begin to run until the plaintiff knows or has reason to know that he has been injured and is aware or should be aware who has inflicted the injury. In other words, accrual occurs when the plaintiff has a complete and present cause of action.
>
> Here, that the causes of action accrued in 2017 is apparent from the face of the Complaint, as Defendants allegedly struck jurors unconstitutionally during the state court trial. Plaintiff objected multiple times to the striking of the jurors, seeking a race-neutral reason first and then objecting again when the judge accepted Defendants' proffered reasons—evincing his

> knowledge of the injury. So by the end of jury selection in 2017, Plaintiff—an attorney himself—knew or certainly had reason to know that he had been injured and who inflicted the injury. In fact, Plaintiff moved for a new trial on this ground, further supporting that he knew long ago the facts giving rise to the violation. So there is no question that the cause of action accrued not in 2019 post-appeal, as Plaintiff argues, but rather in 2017, when Plaintiff had a complete and present cause of action. As such, given the four-year limitations period for these claims, it is clear from the face of his Complaint that Plaintiff's five-year-old claims are time-barred.

(Doc. 17 p. 3–5.) In a footnote, the court distinguished *Basemore* because its plaintiff "was completely unaware that his rights were violated until later, which is not the case here." (Doc. 17 p. 4.)[1]

The order, dated July 1, 2022, both granted Defendants' motion and stated that the Complaint was "dismissed with prejudice." (Doc. 17 p. 5.) Mr. Haynes did not move for rehearing or otherwise, and he filed his notice of appeal on July 31.

---

[1] Although not relevant for present purposes, the order also incorrectly recites that both the state trial and appellate courts found that the peremptory strikes were unconstitutionally exercised. (Doc. 17 p. 2.) As shown above, that is not how the courts ruled. Rather, they held that the trial judge did not follow Florida's mandated three-step process for resolving objections to peremptory strikes—a procedural holding that did not address the merits of the strikes themselves.

## SUMMARY OF THE ARGUMENT

The district court correctly dismissed the Complaint as untimely. Assuming that Mr. Haynes stated a cause of action, though he did not, any harm was realized the moment the allegedly unconstitutional peremptory strikes were exercised. The four-year clock began ticking immediately and then expired in November 2021. The February 2022 Complaint was therefore time-barred, and the case should be affirmed.

In the interest of completeness, we also explain why no cause of action for money damages arises from unconstitutional peremptory strikes where the only alleged injuries are psychic in nature. Article III standing requires not just a "particularized" injury but a "concrete" one, and the sort of procedural harm Mr. Haynes presents does not suffice.

Therefore, even if the Court disagrees with the limitations analysis, affirmance follows all the same.

## ARGUMENT

### I.    The standard of review is de novo.

"We review the district court's dismissal pursuant to Rule 12(b)(6) de novo. *Berman v. Blount Parrish & Co., Inc.*, 525 F.3d 1057, 1058 (11th Cir. 2008). "We likewise review the district court's application of a statute of limitations de novo." *Id.*

Plaintiff separately discusses the standard of review applicable to judgments on the pleadings. (In. Br. 7.) We do not see the relevance.

### II.    The plausibility standard applies, and review is limited to the four corners of a complaint as supplemented through the judicial notice procedure.

Motions to dismiss are analyzed under the now-familiar "*Twiqbal*" standard. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Factual allegations are generally taken as true; legal conclusions are not. *Iqbal*, 556 U.S. at 678. "Rule 8(a)(2) provides that a complaint 'that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018). However, "allegations that, because they are merely conclusory or state legal conclusions, are entitled to no presumption of truth." *Dean v. Warren*, 12 F.4th 1248, 1256 (11th Cir. 2021). "[T]urning to the remaining

allegations, we consider whether the complaint 'contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twiqbal*). "Plausibility rests between 'possibility' and 'probability,' and we determine whether a complaint satisfies that standard by 'drawing on our judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678–79).

Extrinsic documents can be properly considered at the dismissal phase through the judicial notice procedure. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999). Our motion attached records from the State Litigation and sought judicial notice. (Doc. 12 p. 4.) This was appropriate under Federal Rule of Evidence 201 because the records are "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See Bryant*, 187 F.3d at 1280 (noting that public records can be judicially noticed in support of a motion to dismiss). Further, Plaintiff neither objected to the request nor claims any error with respect to judicial notice in his brief.[2]

---

[2] Conversely, Plaintiff did object to any consideration of the Release. (Doc. 15 pp. 11–12.) But because the district court did not convert the motion to dismiss into one for summary judgment (and therefore did not follow the attendantly required procedure, *see* Fed. R. Civ. P. 12(d), *Trustmark Ins.*

III.    **The district court correctly found that Mr. Haynes's cause of action, if any, accrued more than four years before he filed the present lawsuit, and the claims are therefore barred.**

A. **Law governing dismissals on limitations grounds.**

A dismissal based on the statute of limitations is appropriate where it is "apparent from the face of the complaint that the claim is time-barred." *La Grasta v. First Union Secs., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Even if our Complaint did not expressly provide the date of "injury," though it does, judicially noticed records from the State Litigation would fill the gap. Accordingly, there are no procedural impediments to a time-based dismissal.

The statute of limitations for § 1983 claims is measured by limitations periods for torts in the state where the action is brought. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Florida's general four-year limitations period for torts applies to claims under § 1983. *E.g.*, *Henyard v. Sec'y, Dep't of Corr.*, 543 F.3d 644, 647 (11th Cir. 2008); *see also* § 95.11(3)(f, o, p), Fla. Stat. Thus, the present lawsuit is time-barred if Mr. Haynes's alleged causes of action accrued before February 18, 2018.

---

*Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002)), we do not rely on the Release as a basis for affirmance in this appeal.

Despite the reference to state law for determination of the limitations period, "[f]ederal law determines when a federal civil rights claim accrues." *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996). "The general federal rule is that the statute of limitations does not begin to run until the fact which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Id.* at 561–62 (quotations omitted). Put simply, a cause of action accrues when a plaintiff should know "(1) that he was injured, and (2) who inflicted the injury." *Davies v. U.S. Citizenship & Immigr. Servs.*, 484 F. App'x 385, 387 (11th Cir. 2012); *cf. R.R. v. New Life Cmty. Church of CMA, Inc.*, 303 So. 3d 916, 921 (Fla. 2020) (explaining that, under Florida law, limitations periods generally begin to run when the last element of the cause of action accrues).

### B. Application to our case.

The Complaint expressly identifies November 13, 2017 as the date of jury selection where the allegedly unconstitutional strikes were exercised. (Doc. 1 p. 6.) Indeed, and assuming his asserted causes of action exist, Mr. Haynes was aware that he was allegedly "denied a fair civil trial by a jury of his peers as guaranteed by both the Florida and United States Constitutions" when his objections to the strikes were overruled. (Doc. 1 p.

3.) Mr. Haynes also knew who allegedly violated his rights; everyone was in the same courtroom.

Separately, Mr. Haynes's alleged harm, identified identically in Counts I–IV, was limited to "injuries and losses including violation of his constitutional rights, mental pain and suffering and emotional distress, attorney's fees and costs." (Doc. 1 ¶¶ 54, 59, 65, 70.) Counts V and VI do not even contain this level of boilerplate detail; rather, they allege that Mr. Haynes "has suffered damages and will also continue to suffer damages in the future." (Doc. 1 ¶¶ 76, 82.) It is therefore clear that Plaintiff alleged a psychic injury that would have been immediately caused when the allegedly improper strikes were exercised.

Accordingly, Mr. Haynes's alleged causes of action accrued the moment Mr. O'Connor exercised his peremptory strikes. To be sure, that was when Mr. Haynes would have suffered "mental pain and suffering and emotional distress." And as the district court pointed out, Mr. Haynes's actual knowledge of alleged harm is demonstrated through his contemporaneous objections to the peremptory strikes and to his motion for new trial filed immediately following the verdict. (Doc. 17 p. 4.) The dismissal with prejudice should be affirmed.

The court was also correct to distinguish *Basemore*, 2006 WL 120035. Mr. Basemore was convicted of murder in 1988 and sentenced to death. *Id.* at *1. He later claimed that the prosecutor exercised unconstitutional race-based peremptory strikes and, separately, had falsified blood evidence. *Id.* Mr. Basemore was indeed granted a new trial in 2001 due to the unconstitutional jury selection process. A second trial was held in 2003, but Mr. Basemore was again found guilty and this time sentenced to life. *Id.* In 2005, he filed a § 1983 suit against the prosecutor in the 1988 trial and other state actors. Following Pennsylvania law, the applicable § 1983 statute of limitations was two years. *Id.* at *2.

With respect to the peremptory strike basis for the civil suit, the court assumed but did not decide that the 2001 order of new trial notified Mr. Basemen of his cause of action. *Id.* at *2 ("The latest the plaintiff could have reasonably known that the jury in his 1988 trial was selected in violation of the [C]onstitution was on December 19, 2001, when he claims he was granted a retrial because of constitutionally inadequate jury selection during his 1988 trial.") (emphasis added). Thus, even for the pro se Mr. Basemore, the order of new trial was the last of whatever other potential events put him on notice that the prosecutor had employed unconstitutional strikes in 1988. And because even that date was well

outside the applicable two-year period, there was no need to perform further analysis.

However, the court found that the falsified evidence claim was not time barred because Mr. Basemore "alleges that he was not aware that his blood did not match the blood found on the victim's pants until his 2003 retrial." *Id.* This theory failed for a substantive reason, not pertinent here, because Plaintiff's allegations did not actually establish any falsification by the defendants. *Id.*

Even as an unreported, extrajurisdictional decision, *Basemore* therefore merely applies the same test applied below: that a cause of action accrues when the plaintiff should have known that they were injured by a particular defendant. *Basemore* does not support Mr. Haynes.

### C. Plaintiff's remaining arguments.

Mr. Haynes's alternative attempts to avoid the limitations period generally draw from inapposite substantive law. For example, principles surrounding the liberality in granting amendments (no amendment was sought) or the "drastic" nature of a default judgment (there was no default judgment) are puzzlingly out of place. (In. Br. 9.) The same can be said for cases interpreting provisions of the Internal Revenue Code or analyzing the

statutory triggers for limitations periods in the unique context of habeus actions. (In. Br. 10–13, 18–20.)

Similarly, Mr. Haynes's attempt to analogize his case to the field of legal malpractice does not move the needle. (In. Br. 16–18.) For litigational malpractice claims, which Mr. Haynes points to, the clock does not begin ticking until a final order is rendered and any timely appeals are resolved. *Vega v. Rier*, 321 So. 3d 900, 901 (Fla. 3d DCA 2021). This is because, under Florida law, the cause of action does not accrue until the plaintiff actually suffers harm. *See id.*; *see also Glucksman v. Persol N. Am., Inc.*, 813 So. 2d 122, 124 (Fla. 4th DCA 2002) ("A legal malpractice cause of action accrues not necessarily when the client first suspects that the attorney might have committed malpractice, but rather, when the client incurs damages at the conclusion of the related or underlying judicial proceeding."). Here, Mr. Haynes allegedly suffered his psychic injuries flowing from unconstitutional discrimination the moment the peremptory challenges were exercised. In any event, federal law, not Florida law, controls accrual, and Mr. Haynes's alleged cause of action accrued in 2017.

Finally, Mr. Haynes's argument that "public policy favors allowing the case to be addressed on the merits and allowing this Court to ultimately determine how to apply the Statute of Limitations on this matter of first

16

impression" is confusing. First, all statutes of limitations balance countervailing public policy considerations and can, at times, lead to harsh results. *See*, *e.g.*, *Lee v. Simon*, 885 So. 2d 939, 943 (Fla. 4th DCA 2004) ("[S]tatutes of limitations, which by their very nature destroy otherwise just causes merely because of the passage of time, are inherently harsh. Harsh results represent a trade-off which the Legislature has decided it is willing to make in exchange for the burying of stale claims.") (quotation omitted). Contrary to Mr. Haynes's assertion, then, public policy does not as a rule favor time-barred claims to be resolved on their merits. Regardless, and second, his request for this Court to apply the statute of limitations is precisely what he shall receive when the Court renders its decision.

Mr. Haynes's arguments do not assist him, and the Complaint's dismissal should be affirmed.

## IV.    Without more, there is no § 1983 cause of action for civil damages resulting from allegedly unconstitutional peremptory strikes.

Even if the Court disagrees with our position on limitations, it has the "discretion to affirm on any ground supported by the law and the record that will not expand the relief granted below." *United States v. Campbell*, 26 F.4th 860, 879 (11th Cir. 2022) (en banc) (quoting *Upper Skagit Indian Tribe v. Lundgren*, 138 S. Ct. 1649, 1654 (2018)). This "right for the wrong

reasons" principle of appellate procedure is "also known by the delightful title of the 'tipsy coachman' doctrine." *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1270 (11th Cir. 2008).

Plaintiff failed to state a cause of action because he failed to allege a compensable injury sufficient to establish constitutional standing. Indeed, this was our first argument asserted to the district court (Doc. 12 pp. 4–6), but the court opted to resolve the matter on the perhaps more straightforward limitations question. In any event, the issue was adequately preserved and can therefore serve as an alternative basis for affirmance. *See Campbell*, 26 F.4th at 913 (NEWSOM, JORDAN, J.J., dissenting) (noting that the doctrine is most appropriately invoked "where the party that prevailed in the district court presents an alternative ground and urges the appellate court to adopt it") (emphasis in original).

The crux of Plaintiff's theory of liability is that a constitutionally infirm peremptory challenge can be compensated through money damages awarded against the offending attorney. Theoretically, the attendant "harm" would occur regardless of how the trial judge resolves an objection to the strike—or even where no objection was even raised. As far as we can tell, this novel cause of action is foreign to the decisional law, and Plaintiff

18

should therefore shoulder the burden of proving that the cause of action exists before obtaining a remand.

Among the "irreducible constitutional minimum of standing" is the requirement that the "plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is [] concrete and particularized." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). For an injury to be "particularized," it must "affect the plaintiff in a personal and individual way." *Id.* at 560 n.1. We concede that Mr. Haynes's alleged injury satisfies this element, but it is not enough. "An injury in fact must also be 'concrete.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016).

"A 'concrete' injury must be 'de facto'; that is, it must actually exist." *Id.* at 340 (quoting Black's Law Dictionary 479 (9th ed. 2009)). "When we have used the adjective 'concrete,' we have meant to convey the usual meaning of the term—'real,' and not 'abstract.'" *Id.* (quoting dictionaries). "Concreteness, therefore, is quite different from particularization." *Id.* Thus, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 341. Although our case does not address a statutory violation, *Spokeo* critically held that, "a bare procedural violation, divorced from any concrete harm, [does not] satisfy the injury-in-fact

requirement of Article III." *Id.* This Court has since characterized the foregoing sentence as *Spokeo*'s "key holding." *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 929 (11th Cir. 2020).

Mr. Haynes indeed suffered nothing more than a "bare procedural violation, divorced from any concrete harm." Allegations of legitimate, compensable "pain and suffering" do not plausibly arise from the Complaint. Peremptory challenges are part of the jury selection process, which is itself part of the Florida state trial process. Mere offense and hurt feelings—even those resulting from invidious racial discrimination—that might occur during those processes do not plausibly establish an injury-in-fact sufficient to confer standing.

To be sure, the procedural harm Plaintiff suffered through the allegedly improper peremptory strike was remedied by the grant of a new trial. These allegations cannot support an independent action for money damages under § 1983.

Even the plaintiff in *Basemore* alleged far greater harm than the sort of psychic injury alleged by Mr. Haynes. After all, Mr. Basemore was convicted of murder and sentenced to death following the 1988 trial where unconstitutional strikes were employed. 2006 WL 120035 at *1. It was revealed in 1997 that the prosecutor had "advocated preemptively striking

jurors on the basis of race," and Mr. Basemore was "granted a retrial because of a constitutionally inadequate jury selection during his 1988 trial." *Id*. at *1–2. Thus, Mr. Basemore suffered much more than an intangible injury—he was convicted and presumably spent over a dozen years in prison as a result of the unconstitutional strikes. *Basemore* was the only potentially on-point decision Plaintiff cited below, and it is therefore manifestly distinguishable.

Finally, public policy demands the rejection of Plaintiff's novel cause of action. Otherwise, any member of a protected class who sits through a jury trial could state a cause of action whenever opposing counsel peremptorily struck another member of the class—potentially even without regard to how the strike was resolved. Opening the floodgates of discovery against opposing counsel would turn the trial process on its head. Perhaps the hurdles of Article III standing were promulgated with precisely such considerations in mind. Either way, Mr. Haynes's Complaint did not state a federally cognizable private cause of action.

## CONCLUSION

Mr. Haynes did not state a cause of action, but even if he did, the Complaint was barred by the statute of limitations. The dismissal with prejudice should be AFFIRMED.

Date: **January 26, 2023**

Roper, P.A

_____

Derek J. Angell

*Attorney for Appellees*

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B)(i) because, excluding the parts of the documents exempted by Fed. R. App. P. 32(f), this document contains **4,394** words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word Version 2210 in Size 14 Georgia font.

Date: **January 26, 2023**

Roper, P.A

Derek J. Angell